THE STATE, THE INHABITANTS OF THE TOWNSHIP OF WEST HOBOKEN, PROSECUTORS, v. THE BOARD OF COMMISSIONERS OF APPEAL, &c., AND ANDREW ANDERSON, COLLECTOR, &c.

A resolution of the county board of commissioners, &c., under the act of April 4th, 1873, (*Laws,* 1873, *p.* 794,) to the effect that the West Hoboken book of assessment upon real estate be increased at the rate of fifteen per cent. upon the total valuation of real estate in said township, set aside. 1. Because the commissioners, having failed to adjudge that the value of the whole property contained in the duplicate of that township was relatively less than other property in the county, were not authorized to act. 2. Because the per centage was added to the total amount of valuation of real estate, and not as it should have been, to the total value of the whole property contained in the duplicate.

On *certiorari.*

Argued before Justices WOODHULL, VAN SYCKEL, and SCUDDER.

For the plaintiffs, *James B. Vredenburgh.*

For the defendants, *Job H. Lippincott.*

The opinion of the court was delivered by

WOODHULL, J.   The matter in controversy in this case is the validity of a certain resolution of the county board of commissioners, &c., created by the act of April 4th, 1873. (*Laws*, 1873, *p.* 794.)

The resolution was passed June 15th, 1874, as follows:

" Whereas, upon examination by this board of the West Hoboken book of assessment upon real estate, it is, in comparison, too low in valuation with the surrounding property in other districts in the county—therefore,

" *Resolved*, That it be incrèased at the rate of fifteen per cent. upon the total amount of valuation of real estate in said township, and that the assessor of said township so place the said increase upon all real estate, so as to equalize the assessment in said townships."

In passing this resolution the commissioners, no doubt, supposed they were properly exercising the power conferred by that part of section 4 of the act just referred to, which provides that " if it shall appear to said commissioners that the value of the property contained in any duplicate is relatively less than the value of other property in the county, they may, for the purpose of fixing and adjusting the said proportion or quota, and for that purpose only, add thereto such per centage as shall appear to them just and proper, but not otherwise."

To enable the commissioners to obtain the information necessary to an intelligent discharge of the duty thus imposed upon them, it had been already provided in the same section that they should have power to examine any assessor upon oath, or in any other manner, as to his assessments ; and to inquire by the testimony of witnesses, under oath or otherwise, into all assessments returned to them by each assessor.

From these provisions of the 4th section, it is safe to conclude : 1. That the commissioners are required to obtain from the assessors, or others, such information as may enable them

intelligently to examine or inquire into the assessments returned to them from the several townships; 2. That from such examination or inquiry their judgment must be satisfied that the value of the property contained in a certain duplicate is relatively less than the value of other property in the county; 3. That it must appear to them, and they must adjudge it to be just and proper to add to such duplicate a certain per centage for the purpose of equalizing the several assessments; and, 4. That having so examined and decided, they are then, and not until then, authorized to add such per centage to the duplicate.

The language of this 4th section has been the subject of judicial examination in several recent cases.

The power which it confers upon the commissioners, of adding a per centage to the duplicate in a certain contingency, is given by the tax law of 1866, in precisely the same language, to the board of assessors; and it was held in *State* v. *Roe,* 7 *Vroom* 86, that before the assessors could act at all upon any duplicate, they must decide that the valuation contained in it was relatively less than the value of other property in the county.

In *State, Trask, pros.,* v. *Carragan,* 8 *Vroom* 264, an assessment of taxes made by virtue of certain resolutions of this same board of commissioners, was set aside on the ground that their authority to act is limited to the single instance when it shall appear to them that the value of the property contained in any duplicate is relatively less than the value of other property in the county, and that they had failed to adjudge that such inequality existed.

In the case now before us, it does not appear that the essential preliminary question as to the value of the property in the West Hoboken duplicate, relatively to that of other property in the county, was at all considered by the board of commissioners.

It is manifest from their resolution and its preamble, that their attention was directed exclusively to the real estate in the West Hoboken duplicate, and that their adjudication was

as to the relative value of such real estate, and not as the act requires, as to the relative value of the entire property, both real and personal, contained in the duplicate.

In the absence of such adjudication, the commissioners in this case were not authorized by the act to make any change in the West Hoboken duplicate. Nor could they, under any circumstances, lawfully add a per centage, as has been attempted in this case, to the total amount of valuation of real estate in the township.

The addition of any per centage when authorized, must be to the total value of the whole property contained in the duplicate.

The result is, that the resolution brought up by this writ, with all proceedings under it, must be set aside, with costs.